OPINION
{¶ 1} Appellant Lisa A. Horvath appeals a judgment of the Court of Common Pleas, Domestic Relations Division, of Stark County, Ohio, which overruled her objection to the order of the magistrate to whom this matter was referred. Appellant assigns a single error to the trial court:
 {¶ 2} "I. The trial court erred when it refused to designate which parent may claim the children as dependents for tax purposes when it reconsidered the child support order."
 {¶ 3} The record indicates the parties were divorced in 1998. The trial court designated appellant the residential parent of the parties' three children, and ordered appellee to pay monthly child support. In the 1998 divorce decree appellee was given the right to claim the children as dependents for tax purposes.
 {¶ 4} On June 27, 2003, appellee filed for an administrative review of his child-support obligation. The hearing officer recommended appellee's child-support obligation be increased, and appellee filed an objection to the administrative report. Appellant moved the court to determine arrearages and for re-allocation of the income tax exemption. Appellee later withdrew his objection to the administrative order before the date scheduled for the hearing.
 {¶ 5} On March 25, 2004, the magistrate found because appellee had withdrawn his objection to the administrative order, child support modification was no longer at issue and consequently, re-allocation of the exemption was no longer possible. Appellant objected to this order, and the court overruled the objection.
 {¶ 6} R.C. 3119.82 provides that whenever a court issues, modifies, reviews, or otherwise reconsiders a child-support court order, it shall designate which parent may claim the children who are the subject of the support order as dependants for federal income tax purposes. If the parents do not agree which parent should receive the children's tax exemptions, R.C. 3119.82
directs the trial court to consider any net tax savings, the relative financial circumstances and needs of the parents and the children, the amount of time the children spend with each parent, the eligibility of either or both parents for the federal earned income tax credit or state or federal tax credit, and any other relevant facts concerning the best interest of the children.
 {¶ 7} We note the statute uses the mandatory word "shall" when referring to the trial court's duty to designate which parent may claim the children as tax exemptions. The statute does not require the trial court change its previous designation, but it must make a designation in every new order it issues.
 {¶ 8} The July 30, 2003 report of the hearing officer does not mention the allocation of the dependency exemptions.
 {¶ 9} Appellee urges that if there is no objection to the administrative review recommendation regarding the child-support order, then the trial court has not modified, reviewed, or otherwise reconsidered its order. We do not agree. R.C. 3119.65
directs that if neither party requests a court hearing on the revised amount of child support, then the court shall issue a revised court child-support order requiring the obligor to pay the revised amount of child support as calculated by the Child-Support Enforcement Agency.
 {¶ 10} R.C. 3119.65 does not make any mention of the allocation of the dependency exemption, but directs the court to issue a revised order. We find pursuant to R.C. 3119.82 the revised child-support order must contain language designating which parent may claim the children as dependents for federal income tax purposes. If the parties do not agree which parent should receive the children's tax exemption, then the court must consider the factors listed in the statute and determine the best interest of the children with regard to the allocation of the tax exemptions.
 {¶ 11} The magistrate found it was not possible to review the question of the income tax exemption, and we find this is contrary to law. We conclude the trial court should have sustained the objection to the magistrate's order, and if the parents do not agree which should receive the income tax dependency exemption, then the court must make a determination guided, as always, by the best interest of the children.
 {¶ 12} In Reichman v. Reichman, Tuscarawas Appellate No. 2001AP030018, 2001-Ohio-1555, this court held in reviewing the allocation of the tax exemptions, there need not be showing of a change of circumstances. We further found R.C. 3119.82 no longer leaves to the trial court's discretion whether to address the issue of the allocation of the tax exemptions when it issues a new court child-support order.
 {¶ 13} The assignment of error is sustained.
 {¶ 14} For the foregoing reasons, the judgment of the Court of Common Pleas, Domestic Relations Division, of Stark County, Ohio, is reversed, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion.
By Gwin, P.J., Wise, J., and Boggins, J., concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, of Stark County, Ohio, is reversed, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion. Costs to appellee.