OPINION
{¶ 1} Defendant-appellant, Wayne Henderson (hereinafter "Wayne"), appeals the judgment of the Mercer County Court of Common Pleas, denying his motion for contempt and modifying his right to claim his minor child as a dependent for income tax purposes.
 {¶ 2} Plaintiff-appellee, Kathy Henderson (hereinafter "Kathy"), filed a complaint for divorce from Wayne on January 26, 2001. A final hearing was held on July 13, 2001 and the divorce was granted on November 28, 2001. Wayne appealed the decision and the matter was remanded to the trial court. On January 28, 2003, the trial court entered judgment on remand, granting the divorce. Wayne appealed that judgment to this court wherein we affirmed the judgment.
 {¶ 3} On July 3, 2003, Wayne filed a motion to decrease child support for the parties' son, Adam. After a hearing, the trial court reduced the child support because of a change in Wayne's employment but imputed income to him on the finding that he was voluntarily underemployed. Wayne appealed the trial court's decision to this court on November 6, 2003, which we remanded for a re-calculation of child support.
 {¶ 4} On remand, the trial court ordered that Wayne should pay $78.56 per month in child support and continue to provide health insurance for the minor child. The trial court entered its judgment on June 22, 2004.
 {¶ 5} On May 25, 2004, before the trial court's judgment was entered, Wayne filed a motion for contempt on the basis that Kathy was preventing visitation between Wayne and Adam. On the same day, Kathy filed a motion to modify child support on the basis that Wayne's employment had changed. A hearing was held on the motions on July 20, 2004 and July 27, 2004 in front of the magistrate.
 {¶ 6} The magistrate entered her decision on August 31, 2004, modifying Wayne's child support obligation from $78.56 per month to $178.92 per month. The magistrate further determined that because child support had been modified, the tax exemption must also be reconsidered and ordered that Kathy be awarded the exemption because she is the residential parent and earns the majority of the parties' combined annual income. The magistrate concluded that because the trial court had not addressed the issue of the tax exemption on remand in its June 22, 2004 decision, Kathy would be entitled to the tax exemption for 2003, when the support order was originally entered, and each year thereafter.
 {¶ 7} Wayne subsequently filed objections to the magistrate's decision which were overruled. The trial court approved the magistrate's decision and entered judgment on February 7, 2005, decreeing that Kathy was not in contempt of court for failure to allow Wayne visitation with the parties' son and ordering that Kathy was entitled to claim Adam as an income tax exemption effective for the tax year 2003 and each year thereafter.
 {¶ 8} It is from this decision that Wayne appeals and sets forth two assignments of error for our review.
 ASSIGNMENT OF ERROR NO. I The trial court erred in not finding Appellee in contempt forher failure to allow visitation between Appellant Father andminor child.
 {¶ 9} In his first assignment of error, Wayne contends that the trial court erred in failing to hold Kathy in contempt for preventing Wayne to have visitation with Adam. In support, Wayne cites his testimony that he did not have visitation from 2001 until May of 2004 when Wayne went to visit Adam at a Juvenile Detention Center where Adam was incarcerated. Wayne also points to his testimony that he repeatedly requested visitation, but his requests were refused or ignored. Wayne asserts that his testimony met the burden of clear and convincing evidence and the trial court erred in not finding Kathy in contempt. On review, an appellate court may not reverse a trial court's determination on a motion for contempt absent an abuse of discretion. State exrel. Ventrone v. Birkel (1981), 65 Ohio St.2d 10, 11.
 {¶ 10} In the case sub judice, although Wayne did testify to each of the matters he asserts herein, there was conflicting testimony on the subject of visitation from both Kathy and Adam, who was seventeen years old at the time of the hearing. Indeed, Wayne testified that he was refused in all of his attempts to visit Adam and that he persisted in trying to call and visit in person. However, Kathy testified that she never prevented Wayne from visiting Adam and, in fact, she encouraged it. Adam reiterated Kathy's statements, testifying that Kathy urged and encouraged him to visit Wayne. Adam stated, however, that he did not want to visit his father because he "can't stand him," "can't deal with him," and that visitation with Wayne is a "waste" of Adam's time.
 {¶ 11} From the evidence presented, it appears the trial court found Kathy and Adam to be more credible witnesses than Wayne. Based on the statements made by Kathy and Adam at the hearing, we cannot say that the trial court's decision to deny Wayne's motion for contempt was arbitrary, unreasonable or constituted an abuse of discretion. Accordingly, Wayne's first assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. II The trial court erred in retroactively reallocating the rightto claim the minor child as a dependent for income tax purposesfor the year 2003.
 {¶ 12} Pursuant to R.C. 3119.82, the custodial parent is presumed to be entitled to claim a minor child for income tax purposes and a trial court may only award the tax exemption to a non-custodial parent if it finds that doing so serves the best interests of the child. Bobo v. Jewell (1988),38 Ohio St.3d 330, 332. For example, the best interests of the child may be furthered where the non-custodial parent's taxable income falls into a higher tax bracket than the custodial parent's taxable income. Singer v. Dickinson, 63 Ohio St.3d 408, 415-16. In evaluating any potential tax savings, "a court should review allpertinent factors, including the parents' gross incomes, the exemptions and deductions to which the parents are otherwise entitled, and the relevant federal, state, and local income tax rates." Id. at 416.
 {¶ 13} It is evident that the trial court herein reviewed all pertinent factors and concluded that Kathy was entitled to the tax exemption because she was both the residential parent and earned the majority of the parties' income. We do not find that the trial court's conclusion was in error and, more importantly, Wayne does not dispute the award of the tax exemption for future purposes. Wayne does allege error, however, in the trial court's decision that the right to claim Adam for income tax purposes should be retroactive to the 2003 tax year.
 {¶ 14} Specifically, Wayne contends that he had previously been awarded the right to the tax exemption for 2003 and that neither party subsequently requested that the 2003 exemption be addressed. Therefore, Wayne asserts that the magistrate erred in revisiting the issue sua sponte. Further, Wayne argues that the retroactive application of the tax exemption cannot relate back before the time that Kathy filed her motion to modify support, which was May 25, 2004.
 {¶ 15} The trial court, in the case sub judice, found that it was not only appropriate but mandated by law that the court must address the income tax exemption each time child support is addressed. As previously noted, the court concluded that it had failed to address the issue of the tax exemption in considering Wayne's motion to modify support in its June 22, 2004 entry, on remand from this court. Therefore, in its February 7, 2005 decision, appealed herein, the court ordered the tax exemption be applied retroactively to 2003, when Wayne's original motion was filed.
 {¶ 16} In making its determination, the trial court cited R.C. 3119.82. The statute provides, in pertinent part:
Whenever a court issues, or whenever it modifies, reviews, orotherwise reconsiders a child support order, it shall designatewhich parent may claim the children who are the subject of thesupport order as dependants for federal income tax purposes asset forth in section 151 of the "Internal Revenue Code of 1986,"100 Stat. 2085, 26 U.S.C. 1, as amended.
 {¶ 17} We note that R.C. 3119.82 uses the mandatory word "shall" when referring to the trial court's duty to designate which parent may claim the child as a tax exemption. The statute does not require the trial court change its previous designation, but it must make a designation in every new order it issues. SeeHorvath v. Horvath, 5th Dist. No. 2004-CA-00160,2004-Ohio-6764.
 {¶ 18} It is clear that the trial court herein did not designate the tax exemption in its June 22, 2004 entry on remand from this court, pursuant to R.C. 3119.82. Therefore, the trial court did not exceed its discretion in making such a designation in its February 7, 2005 entry. Moreover, we find that the court was within its discretion to order the retroactive application of the tax exemption and that no prejudice resulted because Wayne had not yet filed his 2003 tax return at the time of the July 20 and 27, 2004 hearings. Although a modification of child support normally becomes effective the date the motion was filed, courts have found that under certain special circumstances a retroactive modification is permitted.[1] We hold that the circumstances, particular to this case, justified the retroactive application.
 {¶ 19} Accordingly, Wayne's second assignment of error is overruled.
 {¶ 20} Having found no error prejudicial to appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 Rogers and Shaw, JJ., concur.
[1] See, e.g. Sprankle v. Sprankle (Mar. 25, 1998), 9th Dist. No. 2678-M (wherein the trial court modified child support to the time obligor's financial circumstances changed, approximately ten months before a motion was filed to modify support);Hakhamaneshi v. Shabani, 7th Dist. No. 00 CO 36, 2001-Ohio-3292 (retroactively increasing a non-delinquent child support obligation to the date that obligor obtained employment).