OPINION *Page 2 
{¶ 1} Although originally placed on our accelerated calendar, we have elected, pursuant to Local Rule 12(5), to issue a full opinion in lieu of a judgment entry.
 {¶ 2} Appellant, the Crawford County Board of Commissioners ("the Board"), appeals the judgment of the Court of Common Pleas, Crawford County, Ohio, affirming the order of the State Personnel Board of Review ("SPBR") with respect to the dismissal of appellee, Jennifer Adams ("Adams").
 {¶ 3} Adams' dismissal stems from a positive drug test on August 11, 2006 in which her urine tested positive for both benzodiazepines and cannabinoids (marijuana). Adams was required to submit to drug testing pursuant to the Crawford County Personnel Policy Manual Section 5.5; #3-b, which allows a supervisor or appointing authority to require an employee to submit to a drug test if there is a reasonable suspicion that the employee is under the influence of alcohol or a controlled substance.[1]
 {¶ 4} It appears that on August 11, 2006 Adams was placed on paid administrative leave from her position as a caseworker with the Crawford County Department of Job and Family Services ("DJFS"). The notice of her leave *Page 3 
[EDITORS' NOTE: THIS PAGE CONTAINED FOOTNOTES.] *Page 4 
provided that she was to remain at her home during normal working hours. If Adams was not at home, the notice provided that she was to contact someone, who we can only assume from the record was a supervisor. We note that this Court was not provided with an original copy of this order in the file. Instead the record contains an unsigned copy stating that Adams has the original. However, nothing in the record shows that Adams signed or received the original.
 {¶ 5} On September 14, 2006 a Report of Predisciplinary Conference was prepared concerning Adams' violations of the Crawford County Personnel Policy Manual. It appears that Adams elected not to be present at the hearing where the Report was prepared. However, nothing in the record demonstrates that she was notified of the hearing or elected not to be present.
 {¶ 6} In the Report, the Board found that Adams did commit the offense of testing positive for drugs. The Board also indicated that Adams had been subject to three prior disciplinary actions. On September 26, 2005 Adams received a verbal warning for inappropriate use of an agency computer. On both February 20, 2003 and February 14, 2005 Adams received verbal warning for failure to observe employer rules by going into leave without pay status.
 {¶ 7} Based on the Report, the Board passed a resolution on September 14, 2006 removing Adams from her position. The removal was to be effective September 15, 2006. It appears that the Sheriff's Office attempted to serve Adams *Page 5 
with the removal notice at various times on both September 14 and September 15, 2006. The record before this court is unclear as to exactly who tried to serve Adams and when. However, it is clear from the record that the Sheriff's Office was unable to effectuate service prior to the effective date of Adams' removal.
 {¶ 8} Adams timely appealed to the SPBR on September 19, 2006. In her appeal to the SPBR, Adams argued that her removal was effective on September 15, 2006, but that she was not actually served with an order of removal until September 18, 2006. Adams argued that the retroactive service made the order of removal invalid.
 {¶ 9} On January 18, 2007 the SPBR reviewed the order removing Adams and found that because the Board failed to comply with the mandates of Ohio Administrative Code Section 124-03-01(A) the order of removal must be disaffirmed.
 {¶ 10} The Board timely appealed to the Crawford County Court of Common Pleas. The Crawford County Court of Common Pleas held a scheduling conference and set a briefing schedule. It does not appear that the court took any testimony in this case, but decided the issue solely on the briefs, affirming the order of the SPBR.
 {¶ 11} The Board now appeals asserting one assignment of error. *Page 6 
 FIRST ASSIGNMENT OF ERROR THE COURT OF COMMON PLEAS ERRED AS A MATTER OF LAW BY FINDING THATAPPELLANT'S SUBSTANTIAL COMPLIANCE WITH THE STATE PERSONNEL BOARD OFREVIEW'S PROCEDURAL NOTICE PROVISIONS WAS INSUFFICIENT TO OVERTURN THESTATE PERSONNEL BOARD OF REVIEW'S ORDER INVALIDATING APPELLEE'SREMOVAL
 {¶ 12} In its first assignment of error, the Board contends that the trial court erred in finding that the Board's substantial compliance with the SPBR's removal procedure was insufficient to overturn the SPBR's disaffirmance of Adams' removal.
 {¶ 13} In present case, Adams was removed under the authority of R.C.124.34 through an Order of Removal. In considering Adams' removal from her position the SPBR relied on OAC 124-03-01(A) which provides specific requirements for section 124.34 orders, requiring in pertinent part:
 (A) "Section 124.34 orders" and orders of involuntary disability separation may be affirmed only if each of the following five criteria are satisfied:
 * * *
 (2) The employer shall serve the employee with a copy of the order on or before the effective date of the action * * *
The Board argued before the SPBR that only substantial compliance with OAC 124-03-01 was required for Adams' termination to be found valid. Moreover, the Board argued that because Adams received sufficient notice to allow her to appeal *Page 7 
the order of removal the order should be affirmed. The SPBR rejected the Board's contentions and disaffirmed the order of removal based on the Board's failure to comply with OAC 124-03-01.
 {¶ 14} The standard of review for the common pleas court reviewing the judgment of the SPBR is to determine if the agency's order is supported by reliable, probative, and substantial evidence, and is in accordance with law. Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621,614 N.E.2d 748, 750-751, 1993-Ohio-122. If the court finds that the agency's order is supported by such evidence, the court is bound to uphold the ruling and shall affirm it. Brown v. Ohio Bur. of Emp.Serv. (1994), 70 Ohio St.3d 1, 4, 635 N.E.2d 1230, 1232-1233,1994-Ohio-156.
 {¶ 15} The Board made similar arguments before the Crawford County Court of Common Pleas on appeal. However, the Court of Common Pleas also relied on a strict reading of OAC 124-03-01 in affirming the order of the SPBR, rejecting the Board's argument that substantial compliance was all that was needed to effectuate a valid R.C. 124.34 order of removal.
 {¶ 16} Typically in reviewing the findings of the SPBR, the court of appeals must affirm the judgment of the common pleas court unless the court of appeals finds the lower court has abused its discretion in entering the judgment on appeal. Kennedy v. Marion Corr. Inst. (1994),69 Ohio St.3d 20, 630 N.E.2d 324, 1994- *Page 8 
Ohio-83. An abuse of discretion connotes more than a mere error of judgment; it implies that the trial court's attitude is arbitrary, unreasonable, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140. However, the present case presents both an evidentiary question which would be reviewed under an abuse of discretion standard, and a question of law to be reviewed de novo.Cesner v. Ohio Dept. of Commerce, 10th Dist. No. 01AP-1448, 2002-Ohio-4308.
 {¶ 17} Very few cases directly address the appropriate interpretation of OAC 124-03-01. In State ex rel. Baran v. Fuerst (1992),65 Ohio St.3d 413, 415, 604 N.E.2d 750, 1992-Ohio-58, the Supreme Court of Ohio determined that a "removal order can be effective only prospectively." Several years after the decision in Baran, this Court considered retroactive removal and also held that an order of removal must be served on an employee prior to the termination date. Brown v. OhioBureau of Employment Services (Sept. 18, 1995), 3rd Dist. No. 9-95-13.
 {¶ 18} We note, however, that both of these holdings addressed terminations that were actually issued after the date on which they were to be effective. Furthermore, neither of these courts were directly confronted with the issue at hand, concerning whether OAC 124-3-01 must be strictly complied with where the termination itself actually issued before the date removal was to be effective. *Page 9 
 {¶ 19} Several other appellate courts have addressed whether strict compliance with OAC 124-3-01 is required for an order of removal to be effective. In Brown v. Northeast Ohio Developmental Center (August 5, 1987), 4th Dist. No. 1652, the court considered the sufficiency of notice mailed to an employee's last known address. Because Brown was aware of the necessity of keeping his address current and had previously changed his address with the Northeast Ohio Development Center, the court found that notice was sufficient.
 {¶ 20} In Stoneburner v. E. Liverpool Civil Service Commission, the Seventh District Court of Appeals also relied on an employee's duty to keep an employer apprised of their current address in finding that an employer effectively removed an employee. (May 26, 1983), 7th Dist. No. 82-C-21. Notice of termination, inStoneburner, was mailed to both an employee's home address as well as a listed post office box and was returned either unclaimed or undeliverable. The court found the notice of removal to be sufficient.
 {¶ 21} Brown and Stoneburner, however, are not entirely instructive on the present issue. In both Brown and Stoneburner, it was determined that the employees bore the burden of keeping their employers notified of their current addresses. However, both of these decisions occurred before R.C. 124.34 was amended to require that employees be served with notice of removal, rather than *Page 10 
simply furnished notice. Currently, service is required to satisfy the requirements of R.C. 124.34.
 {¶ 22} This Court is not convinced that the language of OAC 124-3-01 would preclude substantial compliance in the right case, particularly where an employee obstructs proper service of the notice or has suffered no prejudice by an untimely service because actual timely notice of the termination can be demonstrated in the record via other means. However, given the record in the present case, we are unable to determine that either circumstance exists here. Despite numerous allegations of substantial compliance in the brief, the record is devoid of almost any actual evidence in support of those allegations.
 {¶ 23} Attached to the Board's brief to the SPBR are two exhibits. The first exhibit is the notice that Adams was being placed on paid leave, which purports to show that she was required to remain at home during business hours. However, the exhibit is an unsigned copy. Moreover, nothing on this notice shows that Adams actually received it, or further, indicates what relationship the parties listed for her to contact if she were to leave her home actually have to Crawford County DJFS. The second exhibit appears to be a list of times service was attempted. However, this list is also unsigned and does not specify the parties that attempted service, or how they attempted service. It also appears from this document that perhaps only one service attempt actually occurred during the hours that DJFS *Page 11 
claims Adams was to remain at home. Moreover, we have no information concerning whether Adams did or did not notify DJFS that she would not be home at this time.
 {¶ 24} These two pieces of evidence are insufficient to show that Adams herself was responsible for, or contributed to, the failure of service prior to the effective date of her removal — or even that Adams had actual notice of the termination via other means. In sum, because of the limited record before this court, we are unable to determine whether OAC 124-03-01 has been substantially complied with in this case. As a result, we cannot say that the trial court abused its discretion when it affirmed the finding of the SPBR. Accordingly, Adams sole assignment of error is overruled.
 {¶ 25} Based on the foregoing, the judgment of the Court of Common Pleas, Crawford County, Ohio affirming the order of the State Personnel Board of Review is affirmed.
Judgment Affirmed.
 PRESTON and WILLAMOWSKI, J.J., concur.
[1] Although it is unclear in the record before this Court, it appears that some drug related activity may have been discovered in Adams home, giving rise to the reasonable suspicion that she may have been under the influence of drugs or alcohol. *Page 1