WILLIER, Appellee,

v.

WILLIER, n.k.a. Scott, Appellee;

[Mercer County Child Support Enforcement Agency], Appellant.

[Cite as *Willier v. Willier,* 175 Ohio App.3d 793, 2008-Ohio-740.]

Court of Appeals of Ohio,
Third District, Mercer County.

No. 10–07–20.

Decided Feb. 25, 2008.

Jeffrey Willier, pro se.

Judy A. Willier, n.k.a. Scott, pro se.

Angela R.M. Nickell, for appellant.

SHAW, Presiding Judge.

{¶ 1} Although this case was originally placed on our accelerated calendar, we have elected, pursuant to Local Rule 12(5) to issue a full opinion in lieu of a judgment entry.

{¶ 2} Appellant, Mercer County Child Support Enforcement Agency ("MCCSEA") appeals the August 27, 2007 judgment of the Court of Common Pleas, Domestic Relations Division, of Mercer County, Ohio, issuing a modified child-support order.

{¶ 3} Jeffery Willier and Judy Ann Willier were married on April 30, 1990. The couple had two children, Kayla Willier (born March 23, 1990) and Ashley Willier (born April 12, 1994). On March 31, 1994, Jeffery filed for divorce. The divorce was granted on August 31, 1994.

{¶ 4} As part of the divorce decree, Jeffery was ordered to pay $100 per month in child support plus a two percent poundage fee. We surmise from the limited record before this court that until the issuance of the current modified support order on August 27, 2007, the child-support order contained in the August 31, 1994 divorce decree was still in force.

{¶ 5} The August 27, 2007 judgment entry gives the following chronology of events leading up to the issuance of the modified support order:

On or about April 14, 2007, Obligee requested an administrative review. The review was conducted on May 24, 2007. On or about June 1, 2007, Obligor requested an administrative hearing. An administrative hearing was held on June 15, 2007. An Administrative Hearing Decision was sent to the parties August 3, 2007.

\* \* \*

More than fifteen days has passed with no court hearing requested by either party; therefore, pursuant to Ohio Revised Code Section 3119.63(F) this Court hereby adopts the recommendation of the CSEA.

{¶ 6} It appears that the August 27, 2007 judgment entry was prepared by the MCCSEA and then signed by both the magistrate and the judge. However, it also appears from initials on the judgment entry that the magistrate made two changes to the judgment entry. First, the effective date of the order was changed from June 1, 2007, to July 1, 2007. Second, language was added delineating who could claim the children as dependents for income tax purposes. The new language stated, "Pursuant to [R.C.] 3119.82, the Obligor may claim the parties' oldest child as a tax exemption and obligee may claim the youngest child as a tax exemption."

{¶ 7} It is from this judgment entry that the MCCSEA now appeals, asserting two assignments of error.[1]

## ASSIGNMENT OF ERROR I

The trial court denied the parties due process in sua sponte altering the effective date of the modified child support order and making a determination on the right to claim the children for income tax purposes.

## ASSIGNMENT OF ERROR II

The trial court abused its discretion in altering the effective date of the modified child support order and issuing orders on the right to claim the children for income tax purposes.

{¶ 8} As an initial matter, we note that the two changes at issue are handwritten on the judgment entry. These changes appear to be initialed by the magistrate, indicating their authenticity. However, because these changes are not dated, we cannot say with certainty that these changes were made before the trial court judge signed the judgment entry. Ordinarily, we might be inclined to find this to be a fatal flaw as to those provisions of the judgment entry. For example, we note that the Fifth District Court of Appeals has a local rule specifically prohibiting the consideration of handwritten judgment entries. See Loc.R. 9(A)(1).

{¶ 9} However, we are mindful that no appellee's brief was filed in the present case. The Appellate Rules state that "[i]f an appellee fails to file [his] brief within the time provided by [these] rule[s], or within the time as extended * * * in determining the appeal, the court may accept the appellant's statement of the

---

1. We initially note that the MCCSEA, in its brief, addresses its standing to bring this appeal. This court has previously issued decisions questioning a child-support-enforcement agency's standing to appeal. We also note that the issues raised do involve the role and authority of the agency in calculating revised amounts of child support. *See Benzinger v. Benzinger* (Feb. 7, 1996), 1st Dist. Nos. C–940974 and C–940990, 1996 WL 47203. Accordingly, in the absence of an appellees brief we decline to address the issue sua sponte.

facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action." App.R. 18(C); *State v. Young,* 3d Dist. No. 13–03–52, 2004-Ohio-540, 2004 WL 231506. Accordingly, we elect to accept the statement of facts and issues as presented by the MCCSEA as correct pursuant to App.R. 18(C), including the MCCSEA's representation that these handwritten provisions in the judgment entry are properly part of the entry.

{¶ 10} For ease of discussion, we address the MCCSEA's assignments of error together. The MCCSEA initially takes issue with the trial court's addressing "sua sponte" the effective date of the modification and the allocation of the right to claim the children as dependents for income tax purposes in its judgment entry. Additionally, the MCCSEA claims that because the parties could not be heard on the modifications to the judgment entry, due process was denied to them.

{¶ 11} To better understand these arguments, we first look to the statutory procedures for review of a court child-support order by the child-support-enforcement agency. A child-support order can be reviewed at the request of the obligee or obligor pursuant to R.C. 3119.60. R.C. 3119.63 provides procedurally for the review of a support order as follows:

The child support enforcement agency shall review a court child support order on the date established pursuant to section 3119.60 of the Revised Code for formally beginning the review of the order and shall do all of the following:

(A) Calculate a revised amount of child support to be paid under the court child support order;

(B) Give the obligor and obligee notice of the revised amount of child support, of their right to request an administrative hearing on the revised amount, of the procedures and time deadlines for requesting the hearing, and that the revised amount of child support will be submitted to the court for inclusion in a revised court child support order unless the obligor or obligee requests an administrative hearing on the proposed change within fourteen days after receipt of the notice under this division;

\* \* \*

(D) If neither the obligor nor the obligee timely requests, pursuant to division (C) of this section, an administrative or court hearing on the revised amount of child support, submit the revised amount of child support to the court for inclusion in a revised court child support order;

(E) If the obligor or the obligee timely requests an administrative hearing on the revised child support amount, schedule a hearing on the issue, give the obligor and obligee notice of the date, time, and location of the hearing, conduct the hearing in accordance with the rules adopted under section 3119.76 of the

Revised Code, redetermine at the hearing a revised amount of child support to be paid under the court child support order, and give notice to the obligor and obligee of the revised amount of child support, that they may request a court hearing on the revised amount, and that the agency will submit the revised amount of child support to the court for inclusion in a revised court child support order, if neither the obligor nor the obligee requests a court hearing on the revised amount of child support;

(F) If neither the obligor nor the obligee requests, pursuant to division (E) of this section, a court hearing on the revised amount of child support, submit the revised amount of child support to the court for inclusion in a revised court child support order.

{¶ 12} It appears from the judgment entry that the MCCSEA conducted the review following the guidelines articulated in R.C. 3119.63. The MCCSEA then submitted the revised amount of child support to the court for inclusion in a modified child-support order. We note that in the modified child-support order, the court adopted the MCCSEA's calculation as to the revised amount of child support to be paid by Jeffrey. The MCCSEA, however, argues that the court should have adopted their proposed order verbatim.

{¶ 13} In crafting its argument, the MCCSEA argues that "[a]pplying the Ohio Revised Code and the Ohio Administrative Code, the legislature clearly did not intend for the court to conduct an independent review of the recommendation." In reaching this conclusion, the MCCSEA relies on R.C. 3119.65 which states:

If neither the obligor nor the obligee requests a court hearing on a revised amount of child support to be paid under a court child support order in accordance with section 3119.63 of the Revised Code, the court shall issue a revised court child support order to require the obligor to pay the revised amount of child support calculated by the child support enforcement agency.

{¶ 14} We note that questions of statutory interpretation are questions of law, which are to be reviewed de novo. *Adams v. Crawford Cty. Bd. of Commrs.*, 3d Dist. No. 3–07–19, 2007-Ohio-6966, 2007 WL 4488793.

{¶ 15} In essence, the MCCSEA argues that R.C. 3119.65 precludes the common pleas court from taking any judicial action except to adopt the revised support amount calculated by the child-support-enforcement agency when modifying a court order of support. In making this argument, the MCCSEA wholly misconstrues its own role and the authority of the common pleas court in adopting a recommendation of the agency for a revised amount of child support under R.C. 3119.65. In short, the role of the agency is limited to the calculation of the revised *amount* of child support, which in turn, must be reflected in the order of the common pleas court under R.C. 3119.65, if neither obligor or oblige

requests a court hearing. See *DeJesus v. DeJesus,* 170 Ohio App.3d 307, 2007-Ohio-678, 866 N.E.2d 1145; see also *Manning v. Manning,* 9th Dist. No. 01CA0063, 2002-Ohio-950, 2002 WL 347316. This was clearly done in this case. However, nothing in R.C. 3119.65 limits the inherent authority of the common pleas court to address additional matters beyond the amount of support when the court enters its final judgment modifying an order of child support.

{¶ 16} Moreover, the additional provisions of the judgment entry in this case are within the statutorily mandated powers of the trial court. The effective date of a modified order of support is governed by R.C. 3119.71, which provides as follows:

Except as otherwise provided in section 3119.772 of the Revised Code:

(A) If the obligor or obligee does not request a court hearing on the revised child support amount determined by the child support enforcement agency and filed with the court pursuant to section 3119.63 of the Revised Code and the court modifies the order to include the revised amount pursuant to section 3119.65 of the Revised Code, the modification shall relate back to the first day of the month following the date certain on which the review of the court child support order began pursuant to division (A) of section 3119.60 of the Revised Code.

{¶ 17} Here, it appears from the judgment entry that the MCCSEA's review of the prior support order began for certain by May 24, 2007 when the initial administrative review was conducted. Therefore, pursuant to R.C. 3119.71, the proper effective date of the modified order of support was June 1, 2007, and the trial court's entry of July 1, 2007, as to the effective date was in error.

{¶ 18} Turning now to the allocation of dependents for income tax purposes, we find that this action is also governed by statute. R.C. 3119.82 provides:

Whenever a court issues, or whenever it modifies, reviews, or otherwise reconsiders a court child support order, it shall designate which parent may claim the children who are the subject of the court child support order as dependents for federal income tax purposes as set forth in section 151 of the "Internal Revenue Code of 1986," 100 Stat.2085, 26 U.S.C. 1, as amended.
* * *

Any willful failure of the residential parent to comply with the order of the court is contempt of court.

{¶ 19} Other courts have specifically addressed this statute, and have found: [T]he statute uses the mandatory word "shall" when referring to the trial court's duty to designate which parent may claim the children as tax exemp-

tions. The statute does not require the trial court change its previous designation, but it must make a designation in every new order it issues. *Horvath v. Horvath,* 5th Dist. No. 2004–CA–00160, 2004-Ohio-6764, 2004 WL 2892372, at ¶ 7. See also *Henderson v. Henderson,* 3d Dist. No. 10–05–04, 2005-Ohio-3883, 2005 WL 1797965. Therefore, we find that the trial court was required to allocate the dependents for income tax purposes in each order of the court, and properly did so here.

{¶ 20} A trial court's decision regarding the modification of child support is reviewed under an abuse-of-discretion standard. *Bonner v. Bonner,* 3d Dist. No. 14–05–26, 2005-Ohio-6173, 2005 WL 3111940, citing *Pauly v. Pauly* (1997), 80 Ohio St.3d 386, 390, 686 N.E.2d 1108; *Steggeman v. Steggeman,* 3d Dist. No. 8–06–23, 2007-Ohio-5482, 2007 WL 2983153. An abuse of discretion implies that the trial court's judgment was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140.

{¶ 21} Therefore, we do find that the trial court abused its discretion and acted contrary to law in changing the effective date of the order to July 1, 2007.

{¶ 22} Finally, the MCCSEA argues that the parties were denied procedural due process because they did not have the opportunity to be heard on the changes to the judgment entry.

The fundamental requirement of due process is the opportunity to be heard. *Armstrong v. Manzo* (1965), 380 U.S. 545, 552, 85 S.Ct. 1187, 14 L.Ed.2d 62; *Ohio Assn. of Pub. School Emp., AFSCME, AFL–CIO v. Lakewood City School Dist. Bd. of Edn.* (1994), 68 Ohio St.3d 175, 176, 624 N.E.2d 1043 ("Before the state may deprive a person of a property interest, it must provide procedural due process consisting of notice and a meaningful opportunity to be heard").

*United Tel. Credit Union v. Roberts,* 115 Ohio St.3d 464, 2007-Ohio-5247, 875 N.E.2d 927, at ¶ 13. At the outset, while we have acquiesced in the standing of the MCCSEA to appeal an issue of statutory construction regarding its own authority, we question whether the MCCSEA has standing to challenge the procedural due process afforded to the parties in this case.

{¶ 23} More importantly, however, we find that the parties were on notice in this case that determinations of an effective date and designation of dependents for income tax purposes would be made as noted above because both determinations are, in fact, statutory.

{¶ 24} For the foregoing reasons, the MCCSEA's first assignment of error is overruled. The MCCSEA's second assignment of error is sustained only as to the effective date of July 1, 2007, and is overruled in all other respects.

{¶ 25} Based on the foregoing, the judgment of the Court of Common Pleas, Domestic Relations Division of Mercer County, Ohio modifying, child support is affirmed in part and reversed in part.

Judgment affirmed in part
and reversed in part,
and cause remanded.

PRESTON and WILLAMOWSKI, JJ., concur.