[Cite as *In re Kuntz*, 183 Ohio App.3d 154, 2009-Ohio-3316.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HENRY COUNTY

IN RE KUNTZ;

KUNTZ, n.k.a. RODGERS,

     APPELLANT,

CASE NO. 7-09-01

**O P I N I O N**

**Appeal from Henry County Common Pleas Court,
Domestic Relations Division
Trial Court No. 21940**

**Judgment Reversed and Cause Remanded**

**Date of Decision: July 6, 2009**

APPEARANCES:

    **John Donovan**, for appellant.

    **Richard A. Fisher**, for appellee.

Case No. 7-09-01

**SHAW, Judge.**

{¶1} Although originally placed on our accelerated calendar, we have elected, pursuant to Local Rule 12(5), to issue a full opinion in lieu of a judgment entry.

{¶2} Appellant Linda Kuntz, n.k.a. Linda Rodgers ("Linda"), appeals from the January 19, 2009 judgment entry of the Court of Common Pleas of Henry County, Ohio, Domestic Relations Division, determining what portion of the proceeds from the sale of a home belonging to A. David Kuntz ("David") Linda was entitled to pursuant to a decree of dissolution filed on March 19, 1984.

{¶3} David and Linda were married on August 10, 1968. On March 19, 1984, a decree of dissolution was filed. Part of the decree of dissolution provided as follows, with respect to real property that was jointly owned:

> Wife shall convey to Husband, by Quit Claim Deed, all of her rights, title and interest in and to the following described real property currently titled in the parties' joint names and which has served as the marital residence of the parties * * *.
>
> * * *
>
> Simultaneous with his receipt of said Quit Claim Deed from Wife, Husband shall pay to Wife the sum of Eleven Thousand Dollars ($11,000.00). Husband further agrees that should he sell said real property for more than Thirty-eight Thousand Dollars ($38,000.00), he shall pay to Wife one-half (1/2) of the net proceeds of said sale, provided Wife is alive at the time said sale is closed. Said net proceeds shall be computed by subtracting Thirty-eight Thousand Dollars ($38,000.00) as well as any realtor's commission, attorney's

-2-

fees, title expense, conveyance fee, and prorated taxes associated with said sale from the sale price.

{¶4} On January 21, 2005, Linda filed an affidavit to assert her claim in the real property with the office of the recorder of Henry County, Ohio. On August 10, 2007, David sold the marital residence for $76,000. After subtracting any realtor's commission, attorney fees, title expense, conveyance fee, and prorated taxes associated with the sale from the sale price, the net proceeds from the sale equaled $73,135.70.

{¶5} On October 15, 2007, David filed a complaint for declaratory judgment asking the court to determine what portion of the proceeds from the sale of the house Linda was entitled to receive. David asserted that during the time between the dissolution and the sale of the home, he put over $27,000 of improvements into the home to increase its value. Linda filed an answer on November 2, 2007, asserting that she was entitled to one half of all net proceeds in excess of $38,000.

{¶6} David filed a memorandum with the court on June 30, 2008, asserting that he was entitled to all of the proceeds from the sale of the house. Linda filed a reply memorandum on July 11, 2008. A hearing was held on this matter on October 8, 2008. During the hearing, Linda moved for a directed verdict and also filed a written motion asking that the net proceeds from the sale in

excess of $38,000 be divided equally between the parties, despite the increase in value over the years due to David's improvements on the residence.

{¶7} The court issued its decision on January 16, 2009. The trial court made the following factual observation concerning the original dissolution provision:

> The evidence presented at hearing showed that the original $11,000 marital equity payout was based upon the value of the marital residence at $38,000.00. That figure represented the value established in the higher of two appraisals prepared at that time, less the approximate mortgage balance on the marital residence of $16,000.00, leaving $22,000.00 in equity to be evenly divided between Husband and Wife. The Wife was not satisfied with the appraisals, believing them to be low, and, therefore, the agreement was reached that proceeds from the sale of the residence over $38,000.00 would be equally divided between the parties, in order to allow her to share in what she believed was the actual fair market value of the property should the Husband sell the premises for more than the appraised valued.

{¶8} The trial court held that the original provision of the dissolution decree was ambiguous with regard to what would happen if the property was sold after permanent improvements were made to the home. Based on the finding of ambiguity, the trial court determined that Linda was entitled to one half of the net proceeds of the sale, after the value of permanent improvements to the residence was subtracted. In reaching this conclusion, the court engaged in the following calculation:

$73,135.70    (proceeds from sale of home)
-  $24,017.15    (cost for permanent improvement)
$38,000.00    (appraised value of residence at time of agreement)
=  $11,118.55    (net proceeds from sale)

$11,118.55 ÷ 2 = $5,559.27 (share of net proceeds for husband and wife)

{¶9}   Linda now appeals, asserting three assignments of error.

### ASSIGNMENT OF ERROR I

The trial court erred when it failed to apply Ohio Revised Code §3105.171(I) which prohibits modification of a division of disbursement of property in a dissolution decree.

### ASSIGNMENT OF ERROR II

The trial court erred when it denied the appellant's Civil Rule 50 motion for directed verdict as the court lacked jurisdiction to modify a division or disbursement of property in a dissolution decree.

### ASSIGNMENT OF ERROR III

The trial court erred when it applied contract principles to a property settlement distribution in a decree of dissolution when Ohio Revised Code §3105.171(I) prohibits modification.

{¶10} In her first assignment of error, Linda argues that the trial court erred by failing to follow R.C. 3105.171(I), which prohibits modification of the distribution of property made in a decree of dissolution. R.C. 3105.171 provides that "[a] division or disbursement of property or a distributive award made under this section is not subject to future modification by the court."

{¶11} Therefore, once a court has made an equitable property division, it has no jurisdiction to modify its decision. R.C. 3105.171(I); *Knapp v. Knapp,* 4th

Dist. No. 05CA2, 2005-Ohio-7105, ¶ 40; *Ricketts v. Ricketts* (1996), 109 Ohio App.3d 746, 751, 673 N.E.2d 156. However, the trial court does retain jurisdiction to "'clarify and construe its original property division so as to effectuate its judgment.'" *Knapp,* 2005-Ohio-7105, at ¶ 40, quoting *McKinley v. McKinley* (June 27, 2000), 4th Dist. 99CA52. See also *Kingery v. Kingery*, 3rd Dist. No. 8-05-02, 2005-Ohio-3608. Thus, a trial court has the authority to properly clarify the meaning of a decree in the event the decree is ambiguous. *McKinney v. Mc Kinney* (2001), 142 Ohio App.3d 604, 608, 756 N.E.2d 694.

{¶12} Therefore, the first question before this court is whether the term of the original dissolution decree is ambiguous. "An ambiguity arises 'when a provision in an order or decree is reasonably susceptible of more than one meaning.' " *Kingery*, 2005-Ohio-3608, at ¶ 12, quoting *McKinney,* 142 Ohio App.3d at 609, 756 N.E.2d 694. However, mere silence on an issue or a failure to address it does not create an ambiguity where none otherwise exists. *Pierron v. Pierron*, 4th Dist. Nos. 07CA3153 and 07CA3159, 2008-Ohio-1286, at ¶ 10. See also *Thomas v. Thomas* (April 26, 2001), Franklin App. No. 00AP-541.

{¶13} The Fourth District Court of Appeals has concluded that the question whether an ambiguity exists in a prior decree is a question of law. *Pierron.* We review questions of law de novo. *Adams v. Crawford Cty. Bd. of Commrs.,* 3rd

Dist. No. 3-07-19, 2007-Ohio-6966; *Willier v. Willier,* 175 Ohio App.3d 793, 2008-Ohio-740, 889 N.E.2d 575.

{¶14} In finding ambiguity in the present case, the trial court made the following findings:

> The Defendant argues that the Court should find the Agreement ambiguous due to the fact that it does not address what was to happen in the event the Defendant made permanent improvements to the residence before the property was sold. * * * The Court finds Defendant's argument on this issue well taken.

{¶15} In the present case, the decree of dissolution provided for the distributions from the sale of the house "provided wife is alive." The court did not put a time limit on the sharing of the proceeds of the sale of the house as long as the sale occurred in Linda's lifetime. Therefore, it appears that the trial court contemplated a clear time for the sale and chose not to limit the time for the sale any further than Linda's lifetime.

{¶16} Moreover, the trial court clearly defined the term "net proceeds." Included in its definition were "realtor's commission, attorney's fees, title expense, conveyance fee, and prorated taxes associated with said sale." Therefore, it is apparent that the parties and the trial court, at the time of the dissolution decree, contemplated what would be subtracted in computing the net proceeds from the sale.

{¶17} As a result, we find nothing ambiguous in the dissolution decree as it is written. Although the trial court found that the decree was ambiguous, we cannot agree with the trial court's reliance on the failure of the decree to make any reference to permanent improvements to make its finding of ambiguity. On the contrary, we find that the decree clearly provides the manner and amount of a property distribution upon sale of the house.

{¶18} Accordingly, Linda's first assignment of error is sustained. Because our resolution of the first assignment of error is dispositive of this appeal, we find the remaining two assignments of error to be moot.

{¶19} Based on the foregoing, the January 19, 2009 judgment entry of the Court of Common Pleas of Henry County, Ohio, Domestic Relations Division, is reversed.

Judgment reversed
and cause remanded.

WILLAMOWSKI, J., concurs.

ROGERS, J., concurs separately.

_____

**ROGERS, Judge, concurring separately.**

{¶20} I concur with the majority on its disposition of the issue of ambiguity in the trial court's decree of dissolution of marriage. I write separately to comment on what I perceive to be procedural issues.

{¶21} I would first observe that while appellee claims to have filed a declaratory-judgment action, it was really a motion within the original action. Declaratory-judgment actions are special statutory proceedings and are not intended to be utilized when other statutory proceedings are available. In this case, the issue was a property settlement in a dissolution of marriage. The action for dissolution is statutory, and the procedures are covered by the Rules of Civil Procedure. There was no need, nor any authority, to initiate a declaratory-judgment action, and, indeed, none was initiated. The current proceeding was filed within the original dissolution action and treated in the same manner as a motion for clarification or enforcement of the trial court's earlier judgment would have been handled. The term "declaratory judgment" was a misnomer in this case, and this author does not believe that the holding here should be interpreted as endorsing the filing of a "declaratory judgment action" within existing cases.

{¶22} Secondly, appellant assigned as error the trial court's denial of her Civ.R. 50(A) motion for a directed verdict. A verdict is a decision rendered by a jury. There was no jury in this case, and, therefore, a motion for a directed verdict was inappropriate. See Civ.R. 50(A)(5) (jury assent unnecessary); Civ.R. 41(B)(2) (dismissal; nonjury action).