OPINION
{¶ 1} Defendant-Appellant Timothy K. Becthol ("Timothy") appeals from the February 25, 2008 Judgment Entry of the Court of Common Pleas, Hancock County, Ohio, Domestic Relations Division.
 {¶ 2} Timothy and Wendi Sanders-Bechtol ("Wendi") were married on July 29, 1995. Two children were born of the marriage, Jordan Bechtol (DOB 7/11/02) and Matthew Bechtol (DOB 12/17/03). Timothy and Wendi divorced, and the Decree of Divorce was entered on October 27, 2006.
 {¶ 3} The October 27, 2006 Divorce Decree also provided that both Timothy and Wendi were designated as "residential parent" of Jordan and Matthew in accordance with the Shared Parenting Plan attached to the Divorce Decree. The Shared Parenting Plan ("Shared Parenting Plan") split custody and the expenses of child care evenly between Timothy and Wendi.
 {¶ 4} On March 29, 2007 Wendi filed a Motion to Modify Parenting Time and Child Support. In the Motion, Wendi requested that
 That the children be required to change homes less frequently Monday through Thursday.
 That Defendant not have overnight parenting time with the children during the school year on Sunday or Monday nights. . .
 {¶ 5} Wendi also requested a recalculation of child support based on any modification of the shared parenting plan. Timothy filed a response on April 19, 2007. *Page 3 
 {¶ 6} A hearing on the Motion to Modify was held on August 17, 2007. A magistrate's decision followed on September 28, 2007. The magistrate's decision recommended Wendi's proposed modifications be adopted and recommended that Timothy be required to pay $259.52 per month in child support.
 {¶ 7} On October 12, 2007 Timothy objected to the decision of the magistrate. The domestic relations court overruled Timothy's objections on February 6, 2008. On February 25, 2008 the domestic relations court issued a Judgment Entry with Amended Shared Parenting Plan ("Amended Shared Parenting Plan"). The family is currently following the Amended Shared Parenting Plan.
 {¶ 8} Timothy now appeals, asserting two assignments of error.
 FIRST ASSIGNMENT OF ERROR THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN MODIFYING THE EXISTING PARENTING PLAN IN ACCORDANCE WITH THE REQUISITES SET FORTH IN R.C. 3109.04(E)(2)(B) INSTEAD OF R.C. 3109.04(E)(1)(A).
 SECOND ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN DETERMINING THAT MODIFICATION OF THE SHARED PARENTING ORDER WAS IN THE BEST INTEREST OF BOTH JORDAN AND MATTHEW BECHTOL.
 {¶ 9} In his first assignment of error, Timothy argues that the domestic relations court erred by applying R.C. 3109.04(E)(2)(B) instead of *Page 4 
R.C. 3109.04(E)(1)(A) when it modified the terms of the Shared Parenting Plan contained in the Divorce Decree.
 {¶ 10} As an initial matter, we note that questions of statutory interpretation are questions of law, which are to be reviewed de novo.Adams v. Crawford Cty. Bd. of Commrs., 3rd Dist. No. 3-07-19, 2007-Ohio-6966; Willier v. Willier, 175 Ohio App.3d 793,889 N.E.2d 575, 2008-Ohio-740.
 {¶ 11} Revised Code 3109.04 governs court awards of parental rights and responsibilities, as well as the modification of shared parenting agreements, providing in pertinent part as follows:
 (E)(1)(a) The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:
 (i) The residential parent agrees to a change in the residential parent or both parents under a shared parenting decree agree to a change in the designation of residential parent.
 (ii) The child, with the consent of the residential parent or of both parents under a shared parenting decree, has been integrated into the family of the person seeking to become the residential parent.
 (iii) The harm likely to be caused by a change of environment is *Page 5 outweighed by the advantages of the change of environment to the child.
 (b) One or both of the parents under a prior decree allocating parental rights and responsibilities for the care of children that is not a shared parenting decree may file a motion requesting that the prior decree be modified to give both parents shared rights and responsibilities for the care of the children. The motion shall include both a request for modification of the prior decree and a request for a shared parenting order that complies with division (G) of this section. Upon the filing of the motion, if the court determines that a modification of the prior decree is authorized under division (E)(1)(a) of this section, the court may modify the prior decree to grant a shared parenting order, provided that the court shall not modify the prior decree to grant a shared parenting order unless the court complies with divisions (A) and (D)(1) of this section and, in accordance with those divisions, approves the submitted shared parenting plan and determines that shared parenting would be in the best interest of the children.
 (2) In addition to a modification authorized under division (E)(1) of this section:
 (a) Both parents under a shared parenting decree jointly may modify the terms of the plan for shared parenting approved by the court and incorporated by it into the shared parenting decree. Modifications under this division may be made at any time. The modifications to the plan shall be filed jointly by both parents with the court, and the court shall include them in the plan, unless they are not in the best interest of the children. If the modifications are not in the best interests of the children, the court, in its discretion, may reject the modifications or make modifications to the proposed modifications or the plan that are in the best interest of the children. Modifications jointly submitted by both parents under a shared parenting decree shall be effective, either as originally filed or as modified by the court, upon their inclusion by the court in the plan. Modifications to the plan made by the court shall be effective upon their inclusion by the court in the plan. *Page 6 
 (b) The court may modify the terms of the plan for shared parenting approved by the court and incorporated by it into the shared parenting decree upon its own motion at any time if the court determines that the modifications are in the best interest of the children or upon the request of one or both of the parents under the decree. Modifications under this division may be made at any time. The court shall not make any modification to the plan under this division, unless the modification is in the best interest of the children.
 (c) The court may terminate a prior final shared parenting decree that includes a shared parenting plan approved under division (D)(1)(a)(i) of this section upon the request of one or both of the parents or whenever it determines that shared parenting is not in the best interest of the children. The court may terminate a prior final shared parenting decree that includes a shared parenting plan approved under division (D)(1)(a)(ii) or (iii) of this section if it determines, upon its own motion or upon the request of one or both parents, that shared parenting is not in the best interest of the children. If modification of the terms of the plan for shared parenting approved by the court and incorporated by it into the final shared parenting decree is attempted under division (E)(2)(a) of this section and the court rejects the modifications, it may terminate the final shared parenting decree if it determines that shared parenting is not in the best interest of the children.
 (d) Upon the termination of a prior final shared parenting decree under division (E)(2)(c) of this section, the court shall proceed and issue a modified decree for the allocation of parental rights and responsibilities for the care of the children under the standards applicable under divisions (A), (B), and (C) of this section as if no decree for shared parenting had been granted and as if no request for shared parenting ever had been made.
 {¶ 12} The Ohio Supreme Court recently addressed the standard a court must follow under R.C 3109.04(E) when modifying a shared parenting plan in *Page 7 Fisher v. Hasenjager, 116 Ohio St.3d 53, 876 N.E.2d 546, 2007-Ohio-5589. In Fisher, the court acknowledged a split among Ohio's appellate districts regarding when each of the two subsections of R.C. 3109.04(E) apply in modifying a shared parenting plan. Fisher,116 Ohio St.3d at 54.
 {¶ 13} Prior to the decision in Fisher, this Court had held that the trial court was permitted to modify the shared-parenting plan with respect to the residential parent and legal custodian of the child under R.C. 3109.04(E)(2)(b). However, this Court is now bound by theFisher decision. In Fisher, the Ohio Supreme Court addressed the certified question:
 [i]s a change in the designation of residential parent and legal custodian of children a `term' of a court approved shared parenting decree, allowing the designation to be modified solely on a finding that the modification is in the best interest of the children pursuant to R.C. 3109.04(E)(2)(b) and without a determination that a `change in circumstances' has occurred pursuant to R.C. 3109.04(E)(1)(a)?
Fisher, 116 Ohio St.3d at 54.
 {¶ 14} The Fisher Court determined the applicable statutory standard that must be applied to modify a shared parenting plan depended on what part of a shared parenting plan was being modified. Specifically, the court found as follows:
 Within the custody statute, a "plan" is statutorily different from a "decree" or an "order." A shared-parenting order is issued by a court when it allocates the parental rights and responsibilities for a child. R.C. 3109.04(A)(2). Similarly, a shared-parenting decree grants the parents shared parenting of a child. R.C. *Page 8 3109.04(D)(1)(d). An order or decree is used by a court to grant parental rights and responsibilities to a parent or parents and to designate the parent or parents as residential parent and legal custodian.
 However, a plan includes provisions relevant to the care of a child, such as the child's living arrangements, medical care, and school placement. R.C. 3109.04(G). A plan details the implementation of the court's shared-parenting order. For example, a shared-parenting plan must list the holidays on which each parent is responsible for the child and include the amount a parent owes for child support.
 A plan is not used by a court to designate the residential parent or legal custodian; that designation is made by the court in an order or decree. Therefore, the designation of residential parent or legal custodian cannot be a term of shared-parenting plan, and thus cannot be modified pursuant to R.C. 3109.04(E)(2)(b).
 * * *
 Modification of a prior decree, pursuant to R.C. 3109.04(E)(1)(a), may only be made "based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to shared parenting decree, and that the modification is necessary to serve the best interest of the child." This is a high standard, as a "change" must have occurred in the life of the child or the parent before the court will consider whether the current designation of residential parent and legal custodian should be altered. Conversely, R.C. 3109.04(E)(2)(b) requires only that the modification of the shared-parenting plan be in the best interest of the child.
 * * *
 The standard in R.C. 3109.04(E)(2)(b) for modification of a shared-parenting plan is lower because the factors contained in a shared-parenting plan are not as critical to the life of a child as the designation of the child's residential parent and legal *Page 9 custodian. The individual or individuals designated the residential parent and legal custodian of a child will have far greater influence over the child's life than decisions as to which school the child will attend or the physical location of the child during holidays. Further, factors such as the physical location of a child during a particular weekend or holiday or provisions of a child's medical care are more likely to require change over time than the status of the child's residential parent and legal custodian.
Fisher, 116 Ohio St.3d at 59-60.
 {¶ 15} Therefore, when a court is seeking to modify the designation of a residential parent, it must apply R.C. 3109.04(E)(1)(a), and find a change in circumstances prior to modifying a shared parenting plan. However, if the court is only seeking to change the method of implementation of a shared parenting plan, by changing its terms, it may apply R.C. 3109.04(E)(2)(b) and look only to what is in the best interest of the child. Fisher, supra.
 {¶ 16} In the present case, we begin by looking at the terms of the original Divorce Decree and the attached Shared Parenting Plan which included that "[b]oth parties shall be designated as residential parents of the minor child of the parties with Plaintiff being residential parent for purposes of school attendance." The Amended Shared Parenting Plan did not modify the designation as to the residential parent determination found in the Shared Parenting Plan.
 {¶ 17} However, the Amended Shared Parenting Plan did modify the amount of time each week the children would spend with each parent. In the Shared Parenting Plan, the children's time was split evenly between the parents. In *Page 10 
the Amended Shared Parenting Plan, Timothy's share of parenting time was decreased to approximately 36%, so as to decrease the number of custody changes occurring throughout the school week.
 {¶ 18} According to the distinction articulated in Fisher, the Amended Shared Parenting Plan only changes the implementation of the plan. The Amended Shared Parenting Plan does not change the designation of who is the residential parent. Accordingly, we find that the trial court was required to apply the standard as articulated in R.C. 3109.04(E)(2)(b) to determine if modification of the Shared Parenting Plan was in the best interests of the children.
 {¶ 19} When ruling on Timothy's objections to the magistrate's decision, the trial court found as follows:
 This Court finds that Defendant's contention that Plaintiff prove a "change of circumstances" prior to the modification of the Shared Parenting Plan is incorrect. The Magistrate correctly applied Ohio Revised Code, Section 3109.04(E)(2)(6) [sic] as the legal standard in this case. The Shared Parenting Plan at issue is modifiable, if it is determined that the modifications are in the best interests of the minor children. No reallocation of parental rights has taken place. The Magistrate correctly applied Ohio Revised Code, Section 3109.04(F) to determine the best interests of the minor child.
 {¶ 20} Therefore, we find that the trial court correctly applied R.C. 3109.04(E)(2)(b). Based on the foregoing, Timothy's first assignment of error is overruled. *Page 11 
 {¶ 21} In his second assignment of error, Timothy argues that the trial court erred in determining that modification of the Shared Parenting Plan was in the best interests of both Jordan and Matthew.
 {¶ 22} In determining the allocation of parental rights and responsibilities, the trial court is granted broad discretion.Miller v. Miller (1988), 37 Ohio St.3d 71, 74, 523 N.E.2d 846. Accordingly, a trial court's decision regarding the allocation of parental rights and responsibilities that is supported by a substantial amount of competent and credible evidence will not be reversed on appeal absent an abuse of discretion. Davis v. Flickinger, 77 Ohio St.3d 415,674 N.E.2d 1159, 1997-Ohio-260. An abuse of discretion constitutes more than an error of law or judgment and implies that the trial court acted unreasonably, arbitrarily, or unconscionably. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. When applying the abuse of discretion standard, a reviewing court may not simply substitute its judgment for that of the trial court. Id.
 {¶ 23} When a trial court must determine whether modification of a shared parenting plan is appropriate, R.C. 3109.04(F)(1) provides the following factors that must be considered:
 (a) The wishes of the child's parents regarding the child's care;
 (b) If the court has interviewed the child in chambers pursuant to division (B) of this section regarding the child's wishes and concerns as to the allocation of parental rights *Page 12 and responsibilities concerning the child, the wishes and concerns of the child, as expressed to the court;
 (c) The child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest;
 (d) The child's adjustment to the child's home, school, and community;
 (e) The mental and physical health of all persons involved in the situation;
 (f) The parent more likely to honor and facilitate court-approved parenting time rights or visitation and companionship rights;
 (g) Whether either parent has failed to make all child support payments, including all arrearages, that are required of that parent pursuant to a child support order under which that parent is an obligor;
 (h) Whether either parent or any member of the household of either parent previously has been convicted of or pleaded guilty to any criminal offense involving any act that resulted in a child being an abused child or a neglected child; whether either parent, in a case in which a child has been adjudicated an abused child or a neglected child, previously has been determined to be the perpetrator of the abusive or neglectful act that is the basis of an adjudication; whether either parent or any member of the household of either parent previously has been convicted of or pleaded guilty to a violation of section 2919.25 of the Revised Code or a sexually oriented offense involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding; whether either parent or any member of the household of either parent previously has been convicted of or pleaded guilty to any offense involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding and caused physical *Page 13 harm to the victim in the commission of the offense; and whether there is reason to believe that either parent has acted in a manner resulting in a child being an abused child or a neglected child;
 (i) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent's right to parenting time in accordance with an order of the court;
 (j) Whether either parent has established a residence, or is planning to establish a residence, outside this state.
However, this list of proposed factors is not exhaustive.
 {¶ 24} In the present case, the Shared Parenting Plan, which was frankly not articulated in the clearest terms, was
 based on a two-week rotational schedule, with the parents alternating weekends and two-day period between the weekends, so that the children are not consistently with the same parent on the same day of the week, although the pattern will repeat itself each two weeks.
See Magistrate's Decision September 28, 2007.
 {¶ 25} In her motion to modify the Shared Parenting Plan, Wendi argued that because the plan was so confusing, it was difficult for Matthew and Jordan to understand where they were to be, and with which parent. Moreover, Matthew had shown some developmental delays that made him increasingly sensitive to changes in his routine.
 {¶ 26} The magistrate noted the following findings, relating to Matthew's disability, in her report: *Page 14 
 In the 2006-2007 school year, Matthew attended Blanchard Valley School's early intervention program based on early testing that showed cognitive and other delays. Both Matthew's primary teacher, Linda Benjamin, and his speech pathologist, Emily Johnson, noted the need for consistency and routine in Matthew's daily life. Matthew is quite observant and aware of any changes in his environment and becomes agitated and may exhibit tantrums. He requires preparation for change and reassurances. He responded better to his class and speech work if he had a set routine. Due to Matthew's delayed communication skills, his tendency to play alone, his preference for routine, and his interest and knowledge of numbers and letters, the speech pathologist had recommended additional testing related to autism.
 {¶ 27} Additionally, the magistrate noted that Matthew's teachers and therapists at Blanchard Valley recommended that "Matthew have a consistent, familiar and simplified daily routine in his home environment as well so that Matthew can make progress in his communication, cognitive and overall pre-academic skills."
 {¶ 28} The testimony given at the hearing affirmed the findings in the Blanchard Valley Report with respect to Matthew's needs. Linda Benjamin testified that Matthew "does very, very well with a routine. And as long as it's kept as a routine, he's very comfortable and he can anticipate what's going to happen next, as far as what the routine my encompass." (Tr.p. 20). Benjamin further explained that "[i]f that routine is changed in any way, he becomes somewhat agitated and gets upset. Visually gets upset. He's concerned." (Id.). *Page 15 
Linda also stated that Matthew had outbursts when routines changed and he was unable to understand the changes. (Tr.p. 23).
 {¶ 29} In addition to the testimony of Linda Benjamin and Emily Johnson, the domestic relations court heard additional testimony concerning Matthew's need for routine. Wendi testified that the all of the transitions in the current custody arrangement were difficult for the boys. (Tr.p. 72). Matthew simply had trouble adjusting to the transitions, and Jordan could not remember where he was supposed to be on which night. (Id.). Moreover, although Timothy presented the alternate viewpoint, stating that he felt the current custody schedule was working well, we are inclined to agree with the conclusion reached by the Magistrate.
 {¶ 30} The magistrate found that
 Both Matthew and Jordan have been confused by the schedule, and, because of its rotating basis, even a day of the weeks does not consistently match with a particular parent. The existing rotation was designed for the parents and their desire to an adult perception of fairness. The courts obligation is, however, to the children's best interests.
 The plaintiff's proposed amendment to the shared parenting plan focuses on the children's schedules and maintains stability and consistency during the week when the children are in school. Particularly for Matthew, the school days, both at home and school can be familiar and consistent, thereby increasing his ability to learn and develop.
 * * *
 The Magistrate therefore concludes that, except as set forth herein, the plaintiff's proposed shared parenting plan, filed *Page 16 herein on June 4, 2007, serves the children's best interests and should be adopted by this Court.
The Shared Parenting Plan contained a custody schedule that even this Court had difficulty interpreting. We can only assume that the schedule was, at minimum, equally difficult for Matthew and Jordan to understand. The Amended Shared Parenting Plan, which involves less mid-week custody changes and will allow the boys to remain in one home during the school week, clearly appears to be in the best interests of both Matthew and Jordan, based on the evidence in the record. Accordingly, we do not find that the trial court abused its discretion in adopting the Amended Shared Parenting Plan. Based on the foregoing, Timothy's second assignment of error is overruled and the February 25, 2008 Judgment Entry of the Court of Common Pleas, Hancock County, Ohio, Domestic Relations Division is affirmed.
Judgment Affirmed
 WILLAMOWSKI and ROGERS, J.J., concur. *Page 1