[Cite as *Keller v. Keller*, 2022-Ohio-4098.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Melissa Keller (n.k.a. Miller), | : | |
| Plaintiff-Appellee, | : | |
| | | No. 22AP-11 |
| v. | : | (C.P.C. No. 15DR-3326) |
| Brandon Keller, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on November 17, 2022

**On brief:** *Ryan Legal Group* and *Corrine N. Ryan*, for appellee. **Argued:** *Corinne N. Ryan.*

**On brief:** *Trolinger Law Offices, LLC* and *Michelle J. Meis*, for appellant. **Argued:** *Michelle J. Meis.*

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations

BEATTY BLUNT, J.

{¶ 1} Defendant-appellant, Brandon Keller ("Brandon"), appeals the December 6, 2021 judgment entry of the Franklin County Court of Common Pleas, Division of Domestic Relations, overruling his objections to the July 1, 2021 magistrate's decision in this case. That decision sustained in part Brandon's motion to modify shared parenting plan and also sustained plaintiff-appellee, Melissa Keller's ("Melissa"), motion to modify child support.

{¶ 2} The facts and procedures below are not in dispute. The parties were divorced in an agreed judgment on June 28, 2017 and have two minor children: A.K. (d.o.b. December 5, 2007) and H.K. (d.o.b. December 15, 2011). As part of their divorce, the parties agreed to and the court adopted a shared parenting plan. Brandon was the named parent for school placement purposes, his child support obligation was deviated down to $0.00 per month, and both Brandon and Melissa were granted liberal parenting time.

{¶ 3}   When the divorce was granted, Brandon lived in Gahanna and Melissa lived in Pickerington.  But in January 2018, Brandon's employer closed, and he lost his job.  He attempted to find employment in Franklin County but was unable to do so, and as a result in August 2018 he took a job at Walnut Hills High School in Cincinnati, Ohio and moved to Hamilton County.  Also during 2018, Melissa remarried and moved to Canal Winchester, Ohio. On November 8, 2018, an agreed judgment entry was filed redesignating Melissa as the named parent for school placement. Both children have attended school in Canal Winchester since the start of the 2018-2019 school year.

{¶ 4}   Brandon filed a motion to modify the shared parenting plan on February 27, 2020, shortly before both children began remote schooling resulting from the COVID-19 pandemic.  He sought to be redesignated the named parent for school placement purposes. Melissa filed her motion to modify child support on August 21, 2000.  Neither party sought to terminate shared parenting.

{¶ 5}   Magistrate Elliot conducted a three-day trial and issued a decision on July 1, 2021, in which he determined that: (1) it was in the best interest of the minor children that Melissa remain the named parent for school placement; (2) it was in the best interest of the minor children that Brandon should exercise parenting time in accordance with Franklin County Loc.R. 27.1 Option D (for parents traveling under 90 miles one way) with the exception that Brandon's Wednesday evening parenting time would be exercised in the Central Ohio area, and also that summer parenting time would follow a two week/one week rotation in Brandon's favor; (3) it was in the best interest of the children to alternate weekends between Melissa and Brandon; and (4) no deviation in child support was warranted, and therefore Brandon would be responsible for child support in the amount of $1,003.29 per month plus processing and $46.85 per month cash medical support plus processing. Brandon filed timely objections, arguing that the magistrate erred by improperly considering the factors outlined in R.C. 3109.051(D) in regards to parenting time, by not adopting the recommendation of Guardian Ad Litem ("GAL") to appoint him as the school placement parent for the 2022-2023 school year, by awarding him less parenting time contrary to the best interest of the children, and by declining to deviate his child support obligation downward.

{¶ 6}   The trial court examined and overruled each of Brandon's four objections:

[I.] Defendant's first objection, however, fails in that even removing the O.R.C. §3109.051(D) factors does not equalize the factors as Defendant claims. Even if the Court ignores the similarity between the factors in O.R.C. §3109.051(D) and O.R.C. §3109.04(F)(1), the latter factors alone would give ample support for the Magistrate's Decision. Ultimately, the Court agrees with the Magistrate that the factors under O.R.C. §3109.04(F)(1) and the best interest of the children compel the issuance of a shared parenting plan with Mother as residential parent for school placement purposes and for a parenting time schedule as modified by the Magistrate. Thus, Defendant's first and third objections are overruled.

[II.] Defendant's second objection fails for a similar reason. Defendant is correct that the recommendation of the *Guardian Ad Litem* is specifically articulated as a factor to consider under O.R.C. §3109.04(F)(2)(e). But it is one factor of several. The Magistrate carefully considered the other relevant factors. As the Magistrate said, "[i]n a vacuum, where academic opportunity was the only factor, [Defendant] would have a strong case to be named school placement parent." Decision, page 14. But the other evidence and other factors, when considered, pointed to keeping Plaintiff as the school placement parent. "The children are thriving in their current schools and home environment. Both children are doing well academically and socially. Both children are close to their stepbrother, Tucker. Both children have many friends in Canal Winchester and are involved in activities in Canal Winchester." *Id*. The Court finds no error in this analysis. Defendant's second objection is overruled.

[III.] Similarly, the Court finds no error in the Magistrate's Decision regarding child support. The Magistrate correctly found a substantial change in circumstance to require a modification of the child support amount. The Magistrate, again, correctly found there was insufficient evidence to support a deviation of the child support amount. That conclusion is amply supported by the evidence. Defendant's fourth objection is overruled.

(Dec. 6, 2021 Jgmt. Entry at 4.) Brandon timely appealed, and has restated each of his objections to the magistrate's decision as assignments of error for this Court's consideration:

**First Assignment of Error**: The trial court erred as a matter of law in applying the factors outlined in R.C. 3109.051(D) as said factors are inapplicable in instances of shared parenting.

**Second Assignment of Error**: The trial court erred and abused its discretion by not adopting the recommendation of the Guardian Ad Litem to designate father as school placement parent as such order was not in the best interests of the minor children.

**Third Assignment of Error**: The trial court erred and abused its discretion by awarding father less parenting time as such order was not in the best interests of the minor children.

**Fourth Assignment of Error**: The trial court erred and abused its discretion by failing to deviate father's child support obligation.

In general, this court reviews the issues on appeal of a domestic relations case for abuse of discretion. *See, e.g.*, *Blakemore v. Blakemore*, 5 Ohio St.3d 217 (1983). *See also Booth v. Booth*, 44 Ohio St.3d 142, 144 (1989) (holding that allocation of parental rights and responsibilities is appropriately viewed under an abuse of discretion standard).

{¶ 7} In his first assignment of error, Brandon argues that in *Bratz v. Bratz*, 85 Ohio St.3d 40, 44 (1999), the Supreme Court of Ohio held "modification of [parenting time] rights is governed by R.C. 3109.051, and that the specific rules for determining when a court may modify a custody decree as set forth in R.C. 3109.04 are not equally applicable to modification of [parenting time] rights." He argues that the magistrate used both sets of factors in reaching the decision to modify the shared parenting decree, and that although the trial court "agree[d] with [Brandon] that the factors outlined in O.R.C. §3109.051(D) are not applicable to this situation," it nevertheless overruled his objection to the decision. (Dec. 6, 2021 Jgmt. Entry at 3.)

{¶ 8} For this reason, Brandon asserts that his first assignment of error should be reviewed de novo rather than for an abuse of discretion. He contends that in making its determinations that the trial court must follow statutory guidelines and procedures, that the court made findings under the wrong statute that affected its judgment in the allocation of parenting time under the shared parenting plan, which he contends is a pure error of law reviewed de novo. *See Picciano v. Lowers*, 4th Dist. No. 08CA38, 2009-Ohio-3780, ¶ 19, citing *Sanders–Bechtol v. Bechtol*, 3d. Dist. No. 5-08-08, 2009-Ohio-186, ¶ 10 ("Although the trial court found that R.C. 3109.04(E)(2)(b) applied, that determination is not controlling. Rather, the question of which statutory standard applies is a question of law

that we review de novo.").  He argues that under a de novo standard of review, his objection to the magistrate's decision should have been sustained.

{¶ 9}   We agree with both Brandon and the trial court that under *Bratz*, R.C. 3109.051(D) does not apply to this case.  But it is worth noting that the trial court also concluded that "[e]ven if the Court ignores the similarity between the factors in O.R.C. §3109.051(D) and O.R.C. §3109.04(F)(1), the latter factors alone would give ample support for the Magistrate's Decision." (Dec. 6, 2021 Jgmt. Entry at 4.)  It is this conclusion that we review de novo.

{¶ 10} Initially, it is worth observing that under the plain language of R.C. 3109.04(F), "[i]n determining the best interest of a child pursuant to this section, whether on an original decree allocating parental rights and responsibilities for the care of children or a modification of a decree allocating those rights and responsibilities, *the court shall consider all relevant factors*, including, *but not limited to* [the statutory factors set forth in this subsection.]." (Emphasis added.) R.C. 3109.04(F). Accordingly, to prevail on this assignment of error, it must be shown that the magistrate's consideration of the R.C. 3109.051(D) was improper because those factors were not relevant to the trial court's decision.

{¶ 11} On review, we observe that for most of the factors under R.C. 3109.051(D), the magistrate did not conduct a separate analysis, but simply referred to "the above findings and discussion related to R.C. §3109.04."  (Mag's Decision at 11-13.) (addressing factors under R.C. 3109.051(D)(1), (2), (5), (6), (9), (10), (13), and (14)).  For other factors, the magistrate simply recapitulated undisputed facts about the case.  *See id.* (addressing factors under R.C. 3109.051(D)(4), (7), (8), and (15), and stating findings regarding the ages of the minor children, that neither child had any health or safety concerns, that the children were close to their stepbrother but that their stepbrother does not reside with them, and a general reference to the magistrate's findings of fact).  And, the magistrate observed that most of the remaining factors were "not applicable to this case." *See id.* (addressing factors under R.C. 3109.051(D)(12) and (15)).

{¶ 12} The only factor under R.C. 3109.051(D) that received any significant attention from the magistrate was (D)(3), regarding "[t]he child's and parents' available time, including, but not limited to, each parent's employment schedule, the child's school

schedule, and the child's and parents' holiday and vacation schedule." With respect to that specific factor, the magistrate found:

> Father is a teacher at Walnut Hills High School. Father's work hours would be similar to [A.K]'s school schedule. Father may require minimal before or after school care for [H.K.], depending on his class schedule.
>
> Mother has some flexibility in her employment hours. She worked partly from home during COVID. Mother gets home from work between 3:30 and 4:00 p.m., around the time [H.K.] gets off the bus. Mother does not need childcare.
>
> Father has a group of friends in Columbus with whom he regularly gets together to play Dungeons and Dragons. The group typically meets twice per week. The group meets at a restaurant on Tuesday evenings. The children occasionally attend this session with Father. The group also meets on Sundays for four to five hours (this meeting has been virtual during COVID). The children are often with Father during the weekend session. Prior to COVID, the weekend session was in-person in Westerville, Ohio.

*Id.* at 11. We conclude that the magistrate's notice of the facts here did not prejudice Brandon in any way, as these same facts could have been presented and considered by the magistrate under R.C. 3109.04(F). Moreover, although the R.C. 3109.051(D) factors are not controlling in shared parenting cases under R.C. 3109.04 pursuant to *Bratz*, we conclude that it was both acceptable and appropriate for the magistrate to observe both that Brandon might require limited child care and he spends a significant but specific amount of time in Columbus while still living in Cincinnati. We do not believe that it was error for the trial court to evaluate these relevant considerations. And based on the totality of the magistrate's factfinding, we reach the same conclusion as the trial court regarding modification of the shared parenting decree. Accordingly, Brandon's first assignment of error is overruled.

{¶ 13} In his second assignment of error, Brandon argues that the magistrate erred by not adopting the recommendation of the GAL for placement. The GAL recommended that Melissa remain the school placement parent through the end of the 2021-2022 school year, but that Brandon should become the school placement parent beginning in the 2022-2023 school year—largely because of Walnut Hills High School's academic prestige. The

GAL suggested that maintaining the current placement until the 2022-2023 school year would allow H.K. more time to grow socially and obtain more self-confidence, but would still allow A.K. to begin high school at Walnut Hills as a freshman.

{¶ 14} Despite the GAL's recommendation, the magistrate determined that while the academic opportunity presented by Walnut Hills "is the strongest evidence in favor of naming [Brandon] as school placement parent," the decision could not be made "[i]n a vacuum, where academic opportunity was the only factor." The magistrate concluded that both children were "thriving" in their current schools and home environment, both were doing well academically and socially, that both children were close to their stepbrother, and that both children have many friends and are involved in activities in Canal Winchester. It accordingly rejected the GAL's recommendation and maintained the children's school placement, a decision with which the trial court agreed. *See* Jgmt. Entry at 4 (quoting Mag's Decision at 14.).

{¶ 15} On appeal to this court, Brandon simply contends that the academic benefits of Walnut Hills High School greatly outweigh those of the children's current school district. But even assuming that claim is correct, the magistrate's conclusion is demonstrably based in its careful consideration of all the facts relevant to the children's best interests for school placement. The trial court's concurrence in the magistrate's conclusion and overruling of Brandon's objection are not an abuse of its discretion.

{¶ 16} In his third assignment of error, Brandon contends that the trial court abused its discretion by awarding him less parenting time than he was currently exercising and less parenting time than recommended by the GAL. The GAL testified that maximum time with each parent and at each household was in the children's best interests, but the magistrate concluded otherwise:

> After a review of the testimony and evidence, and weighing the credibility of the witnesses and the evidence, and considering the appropriate statutory factors, the Magistrate finds that it is in the best interest of the minor children that [Brandon] have parenting time with the children pursuant to Franklin County Local Rule 27.1, Option D, for parents traveling under 90 miles one way (and as modified herein).
>
> Since [Brandon] moved to Cincinnati, [Brandon] has had the children most weekends, except that [Melissa] had the children one weekend per month. During COVID, the parties exercised

a more equal parenting time schedule. Given the distance between Canal Winchester and Cincinnati, an equal parenting time schedule will not be possible while the children are "in-school." [Brandon] would like the non-residential parent to have three weekends per month. [Melissa] would like alternate weekends so that the children can maximize time with their friends and stepbrother. The children do have many friends in Canal Winchester and are involved in activities there. It is also noted that [Brandon] spends four to five hours on Sundays playing Dungeons and Dragons with his friends. While the children are often in [Brandon's] presence during that time, [Brandon's] actual interaction with the children during that time is less clear.

The Magistrate finds that it is in the best interest of the children to alternate weekends between [Melissa] and [Brandon]. This schedule will allow the children to spend time during non-school days with both parents, reduce the travel time for the children between Canal Winchester and Cincinnati, and allow time for the children to spend time with friends and in their activities during some weekends in Canal Winchester. The Magistrate finds that it is in the best interest of the children to continue to spend significant quality time with [Brandon]. In order to give [Brandon] additional time with the children, the Magistrate finds that it is in the best interest of the children for the parties to exercise a rotating parenting time schedule during the summer, such that [Brandon] has the children for two weeks and [Melissa] has the children for one week.

(Mag's Decision at 15-16.) On review of Brandon's objections, the trial court concluded that it "agree[d] with a parenting time schedule as modified by the Magistrate." (Jgmt. Entry at 4.)

{¶ 17} Brandon contends that both the magistrate and the trial court erred because neither articulated why the parenting time schedule recommended by the GAL was not in the best interests of the minor children. But neither the magistrate nor the trial court was obliged to do so—as we have previously observed, "the GAL's recommendation does not bind the trial court." *Galloway v. Khan*, 10th Dist. No. 06AP-140, 2006-Ohio-6637, ¶ 70. Appellate courts across the state have agreed with this approach. *See, e.g., Ferrell v. Ferrell*, 7th Dist. No. 01 AP 0763, 2002-Ohio-3019, ¶ 43 (citations omitted) (holding that the "role in any proceeding is to investigate the child's situation and make a recommendation to the court that he or she believes is in the child's best interest," but that

"the ultimate decision is for the trial judge and not a representative of the children"). The trial court was not required to specifically address the GAL's parenting time recommendation, let alone refute it. Moreover, Brandon's claim that the trial court abused its discretion as to parenting time must be rejected, as both the magistrate's and the court's careful decision-making is completely justified within the record. Accordingly, Brandon's third assignment of error is overruled.

{¶ 18} Finally, Brandon argues that the trial court abused its discretion by failing to adopt a deviation of his child support obligation. But both the magistrate's decision and the trial court's judgment entry overruling Brandon's objections demonstrate careful consideration of each of the factors stated in R.C. 3119.23 and R.C. 3119.24. The only evidence justifying a deviation was Brandon's testimony, pursuant to R.C. 3119.23(Q), that he had student loan payments, that a mandatory retirement contribution is taken out of his paycheck, and his claim he would need to get a second job if he was ordered to pay [guideline] child support. *See* Mag's Decision, 19-23 (noting "no evidence provided" as to 16 of the 20 mandated statutory factors). On appeal, Brandon contends that guideline child support could possibly result in him defaulting on his student loans—a claim that is at best speculative. We observe that Brandon incurred a significant portion of his student loan debt after the divorce was granted, and that Melissa was ordered by the trial court to pay Brandon approximately $8,257.00 (at a rate of $1,000.00 per month) "as her portion of the student loan payments owed by her as of March 17, 2021." *Id.* at 31.

{¶ 19} Pursuant to R.C. 3119.03, the guideline amount of child support, "as calculated pursuant to the basic child support schedule and applicable worksheet * * * is rebuttably presumed to be the correct amount of child support due." The order of support here was simply for the guideline amount, not for any deviation upward. Brandon has not identified any specific evidence overcoming this rebuttable presumption, and on review we conclude that there is no evidence in the record upon which we could find that the trial court erred by adopting the magistrate's refusal to deviate the support amount downward. Accordingly, Brandon's fourth assignment of error must be overruled.

{¶ 20} For all these reasons, appellant's four assignments of error are overruled and the judgment of the Franklin County Court of Common Pleas, Division of Domestic

Relations overruling objections and adopting the magistrate's recommendation in this cause is affirmed.

*Judgment affirmed.*

MENTEL and MᶜGRATH, JJ., concur.

———————————